ACCEPTED
01-15-00251
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/3/2015 5:27:19 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00251-CV

_____

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/3/2015 5:27:19 PM
CHRISTOPHER A. PRINE
Clerk

_____

In Re Texas State Silica Products Liability

_____

Appeal from the 333rd District Court of Harris County, Texas
Trial Court Cause No.: 2004-7000

_____

**APPELLANTS' RESPONSE TO APPELLEES'**

**MOTION FOR EXTENSION OF TIME TO FILE APPELLEES' BRIEF**

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS;

1.     The Appellees' representations in their Motion are unfortunate and in bad faith.

2.     At the Trial Court, the parties stipulated that, while Appellants' original motion was entitled a request for permanent injunction, the only matter before the Trial Court at the injunctive hearing was a *temporary* injunction. *See,* Exhibit 1. ("At the present time, the only issue being presented to the Court is the request for a temporary injunction."). This stipulation was then filed with the Trial

1

Court and had the effect of a Rule 11 agreement. The Appellees do not dispute their stipulation.[1]

3. The Appellees now argue against their own stipulation and Rule 11 agreement. This stipulation was approved by the Trial Court. As the Trial Court held:

> On May 19, 2014 the Court entered a Scheduling order relating to briefing, evidentiary and hearing deadlines on the Plaintiffs' constitutional challenges. ***On that same date the parties entered into a stipulation that the Court has approved.***

(CR 1640). Despite this stipulation approved by the Trial Court, the Appellees declare in their Motion that this is a "seriously flawed appeal," arguing that Appellants "have attempted to take an interlocutory appeal from an order denying permanent injunctive relief."[2] Yet, the Trial Court specifically approved a stipulation, attached here, which provided that this was an appeal from a temporary injunction. *Id.*

4. Appellants did not anticipate that the Appellees would later contradict their own Rule 11 agreement, specifically approved by the Trial Court. (CR 1640) Appellants did not expect to be challenged on an appeal that this was anything but an interlocutory appeal from a temporary injunction pursuant to Section 51.041 (a)

---

[1] See Appellees' Motion to Dismiss or Alternatively Motion to Strike Appellants' Brief, filed 7/16/15, at p. 8, n. 9. ("Appellees acknowledge that, in a written stipulation, the parties agreed that Appellants were requesting a temporary injunction.")

[2] *See,* Motion for Extension of Time to File Appellee's Brief ¶4.

(4).  Appellants did not anticipate that Appellees would break their word.  The Appellees unequivocally stipulated that the only issue that was presented to the Court at the injunctive hearing was a request for *temporary* injunction.  (CR 1640); *see also,* Exhibit 1.  The Appellees' Motion is chicanery.

5.    Because the Appellees are in bad faith, they should be instructed to file their brief forthwith.

Respectfully submitted,

**MALONEY ★ MARTIN, L.L.P.**

*/s/Michael B. Martin*
Michael B. Martin (TBN: 13094400)
mmartin@maloneymartinllp.com
3401 Allen Parkway, Suite 100
Houston, Texas 77019
(713) 759-1600
(713) 759-6930 (Facsimile)
ATTORNEYS FOR APPELLANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been provided to all counsel of record and/or attorneys-in-charge via efiling on this 3rd day of August, 2015.

*/s/Michael B. Martin*
Michael B. Martin